IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sean Milan, *individually and on behalf of those similarly situated*; Junior Kiker, *individually and on behalf of those similarly situated*; Anthony Bolden, *individually and on behalf of those similarly situated* ; Dennis Terry, *individually and on behalf of those similarly situated*; Jeffrey Colberth, *individually and on behalf of those similarly situated*; Matthew Gilliard, *individually and on behalf of those similarly situated*, | ) ) ) ) ) ) ) ) ) ) ) ) ) | C/A No. 0:17-2692-DCC-PJG |
| Plaintiffs, | ) ) ) | **ORDER** |
| v. | ) ) | |
| South Carolina Department of Corrections; Dennis Bush, *In His Individual Capacity as a Warden at Broad River Correctional Institution*; Larry Cartledge, *In His Individual Capacity as a Warden at Broad River Correctional Institution*; Michael Stephan, *In His Individual Capacity as an Associate Warden at Broad River Correctional Institution*; Greg Washington, *In His Individual Capacity as an Associate Warden at Broad River Correctional Institution*; Captain Christine Livingston, *in her individual Capacity as a Captain Correctional Officer*, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

The plaintiffs filed this action pursuant to 42 U.S.C. § 1983 alleging violations of their constitutional rights, as well as asserting various state law claims. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for pretrial proceedings.

PJG

On December 18, 2017, the court held a hearing in this matter on the defendants' motion to dismiss (ECF No. 18) and motion to sever and/or bifurcate (ECF No. 19).  (ECF No. 31.)  On December 19, 2017, the court held a conference call and granted the plaintiffs leave to file a Second Amended Complaint dismissing all corrections officer defendants without opposition from the defendants.  The defendants' motions to dismiss and sever were terminated as moot with leave to refile them, if necessary, after the Second Amended Complaint was filed.  (ECF No. 35.)  On January 9, 2018, the plaintiffs filed a Second Amended Complaint.  (ECF No. 42.)

This matter is now before the court on the defendants' renewed motion to dismiss, or in the alternative to sever, which the recently-served defendants have joined.  (ECF Nos. 45 & 51.)  The plaintiffs have responded in opposition.  (ECF No. 48.)

As an initial matter, the defendants seek to dismiss Milan's Second Amended Complaint as contrary to the agreement and leave granted in the previous hearing Milan's Second Amended Complaint did not dismiss all the corrections officers.  The defendants argue that the Second Amended Complaint continues to fail to contain a cause of action by each named plaintiff against each named defendant.  Specifically, each plaintiff does not have a claim against Defendant Livingston.  In response, the plaintiffs appear to assert that they inadvertently filed the incorrect version of the Second Amended Complaint.  The plaintiffs explain that after the hearing, they discovered that Livingston

> has responsibility for the safety and security of the entire facility.  Therefore, Plaintiff's Second Amended Complaint should have removed individual Plaintiff Sean Milan's allegations against Ms. Livingston—she is now a defendant in the case only by virtue of her responsibilities for the safety and security of the facility, not for any particular bad acts she may have allegedly taken against any individual Plaintiff. To clarify, although Ms. Livingston was involved as an individual actor against a

PJG

single Plaintiff, that is not what Plaintiff intended to sue her for in the Second Amended Complaint.

(Pls.' Resp. at 2, ECF No. 48 at 2.)  Based on the foregoing and having considered the defendants' objections to the corrected Second Amended Complaint, the court grants the plaintiffs leave to file the corrected Second Amended Complaint.  (ECF No. 48-1.)  The Clerk of Court is directed to docket this Complaint as the operative Second Amended Complaint.  Accordingly, the defendants' motion to dismiss is terminated as moot.

The defendants alternatively seek to sever or bifurcate the claims and causes of action asserted by each separate plaintiff.  Rule 20 governs permissive joinder of parties and provides that "[p]ersons may join in one action as plaintiffs if:  (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20(a)(1).  "Rule 20 grants courts wide discretion concerning the permissive joinder of parties."  Aleman v. Chugach Support Servs. Inc., 485 F.3d 206, n.5 (4th Cir. 2007).  Additionally, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966).

Rule 21 provides that a court may "sever any claim against a party."  Fed. R. Civ. P. 21. "Under Rule 21, 'a court has virtually unfettered discretion in determining whether or not severance is appropriate.' "  Grayson Consulting, Inc. v. Cathcart, No. 2:07-CV-02992-DCN, 2014 WL 1512029, at *2 (D.S.C. Apr. 8, 2014) (quoting 17th St. Assocs., LLP v. Markel Int'l Ins. Co. Ltd., 373 F. Supp. 2d 584, 604 n.9 (E.D. Va. 2005)).  The court should consider the following factors in

PJG

determining whether severance is proper: "(1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the separable issues require different witnesses and different documentary proof; (3) whether the party opposing severance will be prejudiced if it is granted; and (4) whether the party requesting severance will be prejudiced if the claims are not severed." Grayson, 2014 WL 1512029, at *2 (quoting Equal Rights Ctr. v. Equity Residential, 483 F. Supp. 2d 482, 489 (D. Md. 2007)).

Weighing the applicable factors, the court finds that at this time, the plaintiffs have made a sufficient showing that their claims arise out of a series of transactions or occurrences by the defendants and have alleged common questions of law or fact with regard to claims against the defendants. Specifically, the plaintiffs have alleged that, although their alleged assaults occurred at different times and in different factual settings, the claims against the defendants arise from the same set of alleged improper actions by the defendants. Thus, the court does not find the plaintiffs are misjoined at this time. Moreover, applying the factors regarding severance, the court currently perceives sufficient overlap of issues and witnesses to maintain this action as one action. The prejudice factors also appears to weigh in favor of denying the defendants' motion to sever.

Based on the foregoing, the defendants' alternative motion to bifurcate and/or sever is denied at this time.

**IT IS SO ORDERED.**

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 7, 2018
Columbia, South Carolina