IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Sean Milan, | ) | Case No. 1:17-cv-02692-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| South Carolina Department of Corrections, Dennis Bush, Larry Cartledge, Michael Stephan, Greg Washington, Captain Christine Livingston, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendant Captain Christine Livingston's motion for summary judgment and Defendants South Carolina Department of Corrections ("SCDC"), Dennis Bush, Larry Cartledge, Michael Stephan, and Greg Washington's (collectively, "the Warden Defendants") motion for summary judgment. ECF Nos. 158, 159. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On February 28, 2020, the Magistrate Judge issued a Report recommending that Livingston's motion be denied and that the Warden Defendants' motion be granted in part and denied in part. ECF No. 174. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so.

Plaintiff, Livingston, and the Warden Defendants filed objections. ECF Nos. 175, 176, 177.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## DISCUSSION

Plaintiff brings the present action pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act ("SCTCA"). The Magistrate Judge provides a thorough recitation of the relevant facts and the applicable law which the Court incorporates by reference. As stated above, the Magistrate Judge recommends that Livingston's motion be denied and that the Warden Defendants' motion be granted in part and denied in part.

***Exhaustion of Administrative Remedies***

The Court will first address whether Plaintiff exhausted his administrative remedies as required by the Prison Litigation Reform Act. It is undisputed that Plaintiff did not exhaust his administrative remedies in accordance with the Inmate Grievance System. Accordingly, the Court will consider whether the administrative remedies were unavailable[1] to Plaintiff. *See Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it.").

In their motions, Defendants argue that Plaintiff failed to exhaust his administrative remedies because he failed to informally attempt to resolve his complaint within the requisite eight day period, his Step 1 grievance was untimely filed without attaching a request to staff member form, and he failed to file a Step 2 grievance. The Magistrate Judge recommends denying both motions with respect to exhaustion of administrative remedies because Plaintiff was not required to attempt informal resolution of his complaint as the incident involved criminal activity, Plaintiff's late filing of his Step 1 grievance was excusable because he was physically unable to file his grievance within the requisite time

---

[1] An administrative remedy is considered unavailable when: (1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) it is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2016).

3

limit, and the grievance process operated as a "dead end" because Plaintiff was not given the opportunity to appeal his Step 1 grievance.

Livingston and the Warden Defendants object and argue that Plaintiff's grievance was informally resolved. They point to a typed "Inmate Grievance Application" that was filed March 29, 2017, which states, "I/M claims on 1-3-17 he was stabbed and beaten by several I/Ms and Captain Livingston stood & watched as he tried to get out the door. The Captain finally opened the door & said that's enough & he was also robbed of his belongings. Req[uests] Captain be fired, property replaced." ECF No. 159-3 at 4. The form indicates that the grievance was resolved informally on April 7, 2017. Defendants assert that Plaintiff has not provided any evidence disputing this version of events. Accordingly, they argue, the evidence only supports a finding that Plaintiff accepted an informal resolution and a final decision by the warden was not required.

The Court disagrees. Neither the Warden Defendants nor Livingston have sufficiently explained why the warden was not required to provide a written response beyond their conclusory assertions that his response was unnecessary because the "Inmate Grievance Application" indicates that the grievance was resolved informally. Therefore, it appears that there was no opportunity for Plaintiff to appeal his Step 1 grievance. Accordingly, the Warden Defendants' and Livingston's objections are overruled.[2]

---

[2] The Magistrate Judge also notes that, given the nature of the allegations in this case, the administrative grievance procedure is possibly futile. ECF No. 174 at 18 n.5. She explains that in this action, Plaintiff seeks greater security and protection from SCDC and monetary damages for his injuries and that it is unclear that such a grievance could

4

The Court has reviewed the remainder of the Magistrate Judge's analysis with respect to whether Plaintiff exhausted his administrative remedies for clear error in light of the record and applicable law.  Finding none, the Court adopts the recommendation of the Magistrate Judge and denies the motions for summary judgment based on non-exhaustion.

*Eleventh Amendment Immunity*

The Magistrate Judge recommends that the Court grant the Warden Defendants' motion for summary judgment as to Plaintiff's federal claims Defendant SCDC pursuant to the Eleventh Amendment.  She further recommends that the motion should be denied with respect to Plaintiff's state law claims against SCDC.  No party filed objections to this recommendation. In the absence of specific objections to the Report of the Magistrate Judge, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Therefore, the Court adopts this portion of the Report and Recommendation and grants the Warden Defendants' motion for summary judgment as to Plaintiff's § 1983

---

be remedied at the administrative level.  No party has objected to this portion of the recommendation.

claims against Defendant SCDC.[3] The motion is denied as to Plaintiff's state law claims against SCDC.[4]

**Constitutional Claims**

*Fifth and Fourteenth Amendment Claims*

The Magistrate Judge recommends granting summary judgment as to Plaintiff's claims that Bush, Stephan, Cartledge, Washington, and Livingston violated his Fifth and Fourteenth Amendment rights because his deliberate indifference and failure to protect claims are properly brought pursuant to the Eighth Amendment. Further, the Magistrate Judge notes that Plaintiff makes no independent allegation that his Fifth and Fourteenth Amendment due process rights were violated. No party has filed a specific objection to this recommendation.[5] Accordingly, the Court has reviewed this portion of the Report for clear error in light of the record and applicable law. Finding none, the Court agrees with the recommendation of the Magistrate Judge. Summary judgment is granted as to

---

[3] As noted by the Magistrate Judge, the parties did not specifically address Plaintiff's claim for injunctive relief against SCDC. She determined that this claim is also barred by the Eleventh Amendment. No party has filed objections to this recommendation. Upon review for clear error, the Court adopts the recommendation of the Magistrate Judge as to Plaintiff's claim for injunctive relief against SCDC.

[4] This portion of the Order only addresses whether SCDC is entitled to Eleventh Amendment Immunity. The merits of Plaintiff's state law claims against SCDC are discussed below.

[5] In his objections, Plaintiff generally states that he objects to the recommendation of "dismissal of the claims against Defendant Dennis Bush." ECF No. 175 at 5. Upon review of Plaintiff's objections as a whole, it appears that he only objects to the recommendation of dismissal of his Eighth Amendment claims against Bush. Accordingly, the Court has not conducted a de novo review of this section of the Report.

Plaintiff's claims pursuant to the Fifth and Fourteenth Amendment against Bush, Stephan, Cartledge, Washington, and Livingston.

<u>Eighth Amendment Claims</u>

*Defendant Livingston*

The Magistrate Judge recommends denying Livingston's motion for summary judgment as to Plaintiff's claim that she failed to protect him by failing to reasonably intervene. ECF No. 174 at 47. She recommends granting the motion for summary judgment to the extent Plaintiff seeks to establish a constitutional violation based on Livingston's failure to follow prison policy by allowing correctional staff to unlock the doors between the wings and by taking both wing officers from their assigned wing while inmates were out of their cells. She further recommends granting the motion to the extent Plaintiff intends to bring a claim for deliberate indifference to serious medical needs against Livingston. No party has objected to this portion of the Report. Accordingly, the Court has reviewed this portion of the Report, the record, and the applicable law for clear error.[6] Finding none, the Court adopts the recommendation of the Magistrate Judge. Livingston's motion for summary judgment is denied as to Plaintiff's claim that she failed to intervene and granted as to any other § 1983 claim.

---

[6] In his objections, Plaintiff states that "Defendant Captain Livingston failed to insure that her correctional staff followed the policies that are in place to insure the safety of the inmates in her charge . . . ." ECF No. 175 at 3. Upon review of the entirety of his objections, the Court finds that Plaintiff has not specifically objected to the Magistrate Judge's recommendations regarding Livingston.

7

*Defendants Bush, Stephan, Cartledge, and Washington*

The Magistrate Judge recommends granting the Warden Defendants' motion for summary judgment with respect to Plaintiff's claims for deliberate indifference and failure to implement appropriate policies, customs, and practices against Bush, Stephan Cartledge, and Washington.  ECF No. 174 at 48.  To the extent Plaintiff intends to assert a claim for deliberate indifference to serious medical needs against these Defendants, the Magistrate Judge recommends finding that Plaintiff fails to establish a genuine issue of material fact.  *Id.*

Plaintiff only objects to the recommendation as to Bush.  No other party has objected to this portion of the Report.  Accordingly, the Court has reviewed the Report for clear error as to Stephan, Cartledge, and Washington.  Finding none, the Court adopts the recommendation of the Magistrate Judge and grants the Warden Defendants' motion for summary judgment with respect to Plaintiff's federal claims against Stephan, Cartledge, and Washington.[7]

Bush was the warden at Broad River Correctional Institution ("Broad River") at the time Plaintiff was attacked by fellow inmates on January 3, 2017.[8]  The Magistrate Judge

---

[7] As mentioned above, Plaintiff generally objects to the dismissal of the § 1983 claims against Bush.  Upon review, it appears to the Court that Plaintiff is not challenging the recommendation that summary judgment be granted as to Bush with respect to any claim for deliberate indifference to serious medical needs.  The Court has reviewed this portion of the Report for clear error; finding none, the Court adopts this portion of the Report and grants summary judgment with respect to Plaintiff's claim for deliberate indifference to serious medical needs as to Bush.

[8] The record shows that Bush was the warden at Broad River from October 17, 2016, through November 1, 2017.  ECF Nos. 159-10 at 2; 159-12 at 3.

recommends granting the motion for summary judgment as to the Eighth Amendment claims against Bush because there is no direct or circumstantial evidence that would support finding he had the subjective actual knowledge required to support a § 1983 failure to protect claim. ECF No. 174 at 49–57. She further recommends granting summary judgment as to Plaintiff's claim for supervisory liability because he failed to offer any evidence that Bush knew that a subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury." *Id.* at 56 (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

Plaintiff objects and argues that Bush failed to take any steps to prevent inmates and employees from violating SCDC policies and procedures put in place to protect inmates from gang violence. ECF No. 175 at 2. He contends that there was a pattern, practice, and custom of violence at SCDC at the time of the incident; accordingly, Bush[9] had either actual or constructive knowledge that the failures to follow SCDC procedures posed a substantial risk to inmate safety and was consciously indifferent to that risk. *Id.* at 3. Plaintiff points to the seven original plaintiffs in this action, who all suffered injuries resulting from prison violence, as evidence of a pattern, practice, and custom. Plaintiff also points to the fact that more than 160 civil cases have been filed against SCDC since 2015 with respect to violence within SCDC as reported in an article from *USA Today*.

---

[9] In his objections, Plaintiff occasionally refers to actions of "Defendants" rather than Bush; however, Plaintiff clearly states that he objects only as to the recommendation that Bush be dismissed from this action. Accordingly, the Court declines to interpret these statements as objections to the Magistrate Judge's recommendations as to Washington, Cartledge, and Stephan.

Finally, Plaintiff contends that, as warden, Bush would have been made aware of every serious inmate assault.[10]

As explained in detail by the Magistrate Judge, Plaintiff fails to establish that there exists a genuine issue of material fact that Bush had been exposed to information concerning the risk of harm to inmates at Broad River and, accordingly, must have known about it.  With respect to Plaintiff's argument that the allegations of the original plaintiffs to this action support his claim, the Magistrate Judge explained that Plaintiff's January 3, 2017, incident occurred sixth out of the seven incidents alleged in the Amended Complaint. ECF No. 174 at 34.  She further explained that the allegations in the Amended Complaint are the only evidence in the record that document altercations at Broad River prior to January 3, 2017.  There is no evidence that any of these incidents were the result of inmate-on-inmate assaults at Broad River such as incident reports, grievances, or management information notes.[11]  This is insufficient to create a genuine issue of material fact that Bush was deliberately indifferent to Plaintiff's safety.

---

[10] Plaintiff also generally "relies on the arguments contained in his Memorandum in Opposition to Defendant SCDC's Motion for Summary Judgment regarding the failure of the warden to take even the most basic steps to protect inmates from physical assault by other inmates . . . ." ECF No. 175 at 2.  While the Court has conducted a de novo review of the allegations against Bush, the undersigned will only address Plaintiff's specific objections.

[11] Plaintiff also fails to explain how the fact that Bush would have been made aware of every serious assault, without any detail or further information, amounts to evidence that he was deliberately indifferent to his safety.

As to the information in the *USA Today* article, there is no evidence in the record suggesting that Bush had been exposed to the information contained in the article and, therefore, "must have known" about it. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

Moreover, as explained by the Magistrate Judge, Plaintiff failed to offer any evidence that Bush knew that a "subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury." *Shaw*, 13 F.3d at 799 (internal citation omitted). While there remains a genuine issue of material fact as to whether Livingston violated Plaintiff's constitutional rights, there is no evidence that Bush was aware of her behavior. *See Toomer v. Baltimore City Det. Ctr.*, C/A No. DKC 12-0083, 2014 WL 4678712, at *5 (D. Md. Sept. 18, 2014) ("In the context of a failure to protect claim premised on supervisory liability, Plaintiff 'assumes a heavy burden of proof,' as he 'not only must demonstrate that the prisoners face a pervasive and unreasonable risk of harm from some specified source, but he must show that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices.'" (quoting *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984))). To the extent Plaintiff alleges a § 1983 claim for failure to train, this claim must also fail because there is no evidence that Bush was responsible for training the correctional officers at Broad River. Accordingly, summary judgment is granted as to Plaintiff's claims against Bush.

***State Law Claims***

The Magistrate Judge recommends denying the Warden Defendants' motion for summary judgment with respect to Plaintiff's claim against SCDC for gross negligence and reckless conduct in violation of the SCTCA. Based on the information in the Roth

11

Report,[12] the Magistrate Judge recommended finding that there is a genuine issue of material fact as to whether SCDC failed to give the care necessary under the circumstances alleged in this action and, therefore, acted in a grossly negligent manner.

SCDC objects and argues that Plaintiff failed to produce any evidence sufficient to create a genuine issue of material fact that SCDC was grossly negligent. ECF No. 177 at 4. SCDC cites to *Etheredge v. Richland Sch. Dist. One*, 534 S.E.2d 275, 277 (S.C. 2000), for the proposition that just because a defendant could have done more, it still may have exercised slight care. In that case, there was no evidence that the defendants knew of animosity between the students involved in the altercation and the "principal, assistant principal, and security monitors constantly monitored the hallways and were in constant contact with each other . . . ." *Id*.

Here, as explained in the Roth Report, there is evidence that SCDC was aware of that it was short-staffed at Broad River from 2015 through 2017 and that there was increased violence at Broad River as compared to other similar facilities. The Report states that "[s]ecurity staff vacancies have been a serious concern at Broad River for an extended period." Roth Report at 56. The Report further discussed that limited staff "create[d] an environment where the perceived opportunity to commit an assault, if interested, [could] potentially go undetected." *Id.* at 60. Moreover, the Roth Report noted that "[a]t Broad River the number of assault related incidents reported in 2016 and 2017 was more than the overall average reported at other level 3 facilities. This included both

---

[12] The Magistrate Judge provides a thorough explanation of the origin and content of the Roth Report. *See* ECF No. 174 at 28–32.

12

assaults to employees and inmates." *Id*. Accordingly, the Court agrees with the recommendation of the Magistrate Judge and denies SCDC's motion for summary judgment as to Plaintiff's claim pursuant to the SCTCA and finds it is appropriate to exercise supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(c)(3)–(4).

## CONCLUSION

Based on the foregoing, the Court adopts the recommendation of the Magistrate Judge. The Warden Defendants' motion for summary judgment [159] is **DENIED in part** as to Plaintiff's state law claims against SCDC and **GRANTED in part** as to all other claims. Livingston's motion for summary judgment [158] is **DENIED** as to Plaintiff's claim that she failed to protect him by failing to intervene.[13]

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

May 13, 2020
Spartanburg, South Carolina

---

[13] To the extent there are any other claims asserted against Livingston, her motion is granted as to these claims.